ST. PAUL, J.
Plaintiffs brought a possessory action against Wm. H. Howcott and others, who excepted that there was a misjoinder of parties defendant, which exception was maintained, and the suit dismissed by final judgment of the Court of Appeal (8 Orleans App. 54).
Thereafter one of the defendants, overlooking the fact of dismissal as aforesaid, moved for the dismissal of the suit on the ground of abandonment, and for possession of the premises in controversy.
We are of opinion that, when the appellate court rendered its decision dismissing the suit, this last was at an end, and that the only function remaining to the trial court was the purely ministerial one of executing that judgment. State v. Judge, 20 La. Ann. 521.
Had the effect of that judgment been to decree that defendants should be given possession of the property, then of course the trial court might and should have so ordered. But no such consequences followed a dismissal of the suit for a mere misjoinder of parties. And accordingly the trial court was wholly without jurisdiction to proceed to the trial of other issues, in disregard of the judgment of the appellate court dismissing the suit. Indeed, counsel for appellee frankly states that,- when he took his rule in the lower court, he had overlooked the fact that the suit had already been dismissed as aforesaid.
As the matter is jurisdictional, it is of no consequence that the point was not urged by appellant in the court below.
Decree.
The judgment appealed from is therefore, reversed, and it is now ordered that the rule herein taken by the Quaker Realty Company be dismissed, without prejudice, however, to any rights-which mover may have to the possession or ownership of the property in controversy when urged in a proper proceeding.